69 F.3d 541
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
John KELLY; Lowell Woods; Johnie Manley; Jerry Hunter;
Lonnie J. Randall, Appellants,
v.
Dick MOORE; Dale Riley; Jimmie M. Jones; George A.
Lombardi; Tom Anderson; Teresa Thornburg; Burl
McClanahan; Charley Peck; Randy Kaiser; Helen Spoon, all
individually and in his/her own and official capacity, Appellees.
 No. 94-4086.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Sept. 13, 1995.
Nov. 2, 1995.
 
 Before McMILLIAN, HEANEY and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the district court's denial of leave to amend their complaint. We hold that the district court abused its discretion, and remand for further proceedings.
 
 I.
 
 2
 On July 11, 1991, the appellants[1] filed their lawsuit under the Civil Rights Act of 1871, 42 U.S.C. Sec. 1983, in the United States District Court for the Eastern District of Missouri. Appellants alleged a wide range of constitutional violations regarding their treatment as inmates at the Moberly Correctional Center. Their original complaint consisted of a seven-page complaint form, Complaint Under the Civil Rights Act, 42 U.S.C. Sec.1983, and a twelve-page, typewritten complaint. The seventh page of the complaint form was the only place where appellants indicated their intention to seek monetary damages.
 
 
 3
 On April 14, 1992, the court appointed counsel for appellants and forwarded the twelve-page typewritten complaint and the first six pages of the standard form. Based on these materials prepared by the plaintiffs, appellants' counsel prepared and filed plaintiffs' first amended complaint, which requested only equitable and injunctive relief.
 
 
 4
 On October 26, 1992, defendants filed a motion to dismiss, arguing that several of the appellants had been transferred making their equitable claims moot. On November 27, 1992, plaintiffs filed a motion for leave to file a second amended complaint. Leave was granted. The plaintiffs filed their second amended complaint on March 22, 1993 without including a claim for monetary damages. The same day, the district court granted the defendants' motion to dismiss all claims brought by plaintiffs John Kelly, Lowell Woods, and Lonnie J. Randall because the plaintiffs' transfer had rendered their equitable claims moot.
 
 
 5
 On April 13, 1993, appellants' counsel reviewed the entire court file in St. Louis. At this time, she became aware that the seventh page of the complaint form, which indicated the plaintiffs' desire to seek money damages, had not been forwarded to her by the court. A clerk of the court acknowledged that the copier occasionally skipped the last page of a packet. Appellants' counsel then requested leave to file a third amended complaint so as to include monetary damages. The district court denied the request. On November 17, 1994, the district court ordered summary judgment for the defendants on all remaining counts.
 
 II.
 
 6
 Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave shall be freely given when justice so requires." On June 29, 1993, when the United States magistrate judge denied the motion to amend the complaint, she wrote that Rule 15(a) "does not contemplate starting an entire case over from scratch at this late date, particularly when plaintiffs have already twice been permitted to amend their complaint." Kelly v. Ashcroft, No. 94-4086 (E.D. Mo. June 29, 1993) (order denying leave to amend). The magistrate judge noted that the second amended complaint was filed without any amendment seeking monetary damages despite the fact that the attorney had been informed by her client Woods that plaintiffs did in fact seek such damages. Id.
 
 
 7
 Our court reviews a district court's grant or denial of leave to amend only for an abuse of discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971). Leave should be given freely, however, in absence of undue delay, bad faith, dilatory motivations on the part of the moving party, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962).
 
 
 8
 The facts of this case cannot be characterized, as the appellees would suggest, as an instance in which the "plaintiffs had simply sat idle while their opportunity to assert money damages dissipated." Although the relationship between attorney and client in this case does not exhibit high standards of clear communication, the record offers little doubt that the missing page of the complaint form is at the heart of the confusion. With the benefit of 20/20 hindsight one might argue, as do appellees, that plaintiffs' counsel could have and should have done more to unravel the confusion and to correct the complaint at the time of its second amendment. However, it would be unjust for this court to ignore the court system's role in the misunderstanding. It is undisputed that plaintiffs' counsel did not receive the seventh page of the complaint form from the court's office. Furthermore, in two memoranda filed July 11, 1991 and March 31, 1992, the district court also failed to discern the plaintiffs' intent to sue for monetary damages. To argue post facto that appellants' counsel should have uncovered her clients' interests ignores our responsibility in the matter.
 
 
 9
 There is no indication anywhere in the record of bad faith on the part of the appellants or undue prejudice to the defendants. Therefore, by ignoring Rule 15(a)'s direction for liberal amendment without a substantial countervailing reason, the district court abused its discretion.
 
 III.
 
 10
 Having reversed the district court's denial of leave to amend, which claims should be reinstated remains to be resolved.
 
 
 11
 In their supplemental memoranda to this court, both parties agreed, with the one exception discussed below, that only the following issues now survive: (1) all claims made by appellant Lowell Woods against Bill Riley, George Lombardia, Tom Anderson, Teresa Thornburg, and Burt McCanahan; (2) all claims made by appellant Lonnie J. Randall against Bill Riley, George Lombardia, Tom Anderson, Teresa Thornburg, and Burt McCanahan; (3) John Kelly's claim in Count I regarding inadequate medical care; (4) John Kelly's claim in Count IV regarding denial of due process; and (5) John Kelly's claim in Count XV regarding equal protection and his denial of employment in the plasma center.
 
 
 12
 The parties disagreed as to whether Johnie Manley's claim in Count XV should be reinstated. Manley and Kelly both allege that the plasma center at the correctional center refused to employ them because of their race and their status as sex offenders, which was a violation of equal protection of law. The record does not permit us to resolve this issue, and therefore, it shall be remanded to the district court.
 
 
 13
 Accordingly, we remand this case to the district court for proceedings consistent with this decision.
 
 
 14
 A true copy.
 
 
 
 [1]
 The appellants are or were all prisoners at the Moberly Correctional Center